UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12796-GAO

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY
NUMBER BN100917,
Plaintiff,

v.

G&P BOSTON PROPERTIES LLC, GREG GRANT, PAUL GRANT, 143 HIGH, LLC, LUIS
MUNOZ, WINTER HILL GENERAL CONTRACTOR, INC., and LUCIANO DOVAL,
Defendants.

CIVIL ACTION NO. 14-11102-GAO

NAUTILUS INSURANCE COMPANY,
Plaintiff,

v.

WINTER HILL GENERAL CONTRACTOR, INC. and GUGAS HOME IMPROVEMENTS,
INC.,
Defendants.

OPINION AND ORDER
March 18, 2015

O'TOOLE, D.J.

This action arises from injuries sustained by an employee at a construction site. Two actions filed by insurance companies – Nautilus Insurance Company and Certain Underwriters at Lloyd's – were consolidated by this Court on November 4, 2014. Both Nautilus and Certain Underwriters seek a declaratory judgment that they have no duty to defend or indemnify 143 High, LLC and Winter Hill General Contractor, Inc., named defendants in a state court action

arising from the employee's injuries, and Gugas Home Improvements. Nautilus and Certain Underwriters have since filed motions for summary judgment.

**I.      Facts**

The parties do not dispute the essential facts. In March 2012, Luis Munoz, an employee of Gugas Home Improvements, suffered injuries while performing roofing work on property owned by 143 High. 143 High had hired DoVal Remodeling as a general contractor to complete renovations on the property. DoVal Remodeling hired Winter Hill as a subcontractor to perform roofing work and, in turn, Winter Hill hired Gugas Home Improvements to provide additional workers on the roofing project.

Munoz filed an action in Suffolk Superior Court against 143 High, Winter Hill, and Luciano DoVal, the president of DoVal Remodeling. Nautilus and Certain Underwriters now seek a declaratory judgment that they have no duty to defend or indemnify Winter Hill, Gugas Home Improvements, or 143 High in that action.

**II.     The *Nautilus* Policy**

Nautilus Insurance Company issued commercial general liability policies to Winter Hill for the policy period of March 23, 2011 to March 23, 2012 and to Gugas Home Improvements for the policy period of July 26, 2011 to July 22, 2012. Both policies contained the two exclusions at issue in this action. The first exclusion provides:

> This insurance does not apply to:
>     e. Injury to Employees, Contractors, Volunteers and Other Workers
>         "Bodily injury" to
>             (1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
>             (2) Any insured's contractors', subcontractors' or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual

>                     workers, seasonal workers, contractors, subcontractors or
>                     independent contractors
>               arising out of and in the course of:
>                     (a) Employment by any insured; or
>                     (b) Directly or indirectly performing duties related to the
>                     conduct of any insured's business . . . .
>               This exclusion applies:
>                     (1) Regardless of where the:
>                           (a) Services are performed; or
>                           (b) "Bodily injury" occurs; and
>                     (2) Whether any insured may be liable as an employer or in any
>                         other capacity; and
>                     (3) To any obligation to share damages with or repay someone else
>                         who must pay damages because of the injury.

(Aff. of Brian P. McDonough, Ex. 1 at 79, 105 (dkt. no. 36-1).) The second exclusion reads:

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

(Id. at 80, 106).

Nautilus now seeks a declaratory judgment that it has no duty to defend or indemnify Winter Hill or Gugas Home Improvements under the policies. Coverage arising from Munoz's action falls under the plain meaning of the exclusions, which unambiguously bar coverage for work-related injuries of an insured's or subcontractor's employees or workers. Munoz does not argue otherwise, instead contending that the exclusions are so broad as to render the policy illusory. Under Massachusetts law, "[a] provision in an insurance policy that negates the very coverage that the policy purports to provide in the circumstances where the person is liable is void as against public policy." Liberty Mutual Ins. Co. v. Tabor, 553 N.E.2d 909, 912 (Mass. 1990). Munoz asserts that, because Winter Hill was listed as a certificate holder on the Gugas policy, Nautilus knew that Winter Hill was engaged in work on the property and that most of the injuries arising on the property would therefore fall under the exclusion.

But even a very broad exclusion is valid so long as it provides coverage for some acts.

3

See McGregor v. Alllamerica Ins. Co., 868 N.E.2d 1225, 1228 (Mass. 2007) ("As long as an insurance policy provides coverage for some acts, it is not illusory simply because it contains a broad exclusion."); Bagley v. Monticello Ins. Co., 720 N.E.2d 813, 817-18 (Mass. 1999) (upholding a broad exclusion as it "appears to be all that was bargained for"). As Nautilus contends, the policy would apply to bodily injuries sustained by third parties such as utility workers, delivery persons, or passersby, among others. Even if the coverage is limited, that ultimately is all Gugas Home Improvements and Winter Hill bargained for. See Bagley, 720 N.E.2d at 818.

### III. The *Certain Underwriters* Policy

Certain Underwriters issued an insurance policy to G&P Properties for the policy period of July 14, 2011 to July 14, 2012. The policy provided the following exclusion:

> This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or medical payments sustained by:
> (a) any contractor, self-employed contractor, subcontractor or any employee, leased worker, temporary worker, casual labor or volunteer help of same; . . . .
> This exclusion applies to all causes of action including care and loss of services.
> Where there is no coverage, there is no defence; where there is no coverage or defence for you as an insured, there is no coverage or defence for an additional insured.

(GSC-GL-016 (09/07) Exclusion, Ex. 5-C at 1 (dkt. no. 32-10).) A Supplemental Declaration included 143 High Street in Charlestown, Massachusetts as a listed property. (Supplemental Decl, Ex. 5-B at 1 (dkt. no. 32-9).) Certain Underwriters now seeks a declaration that it has no duty to defend or indemnify 143 High in the Munoz action.

Munoz argues that there is a genuine issue of material fact as to whether G&P Properties or 143 High is entitled to coverage under the policy. The named insured on the policy is G&P Properties, Inc., but G&P Properties is in fact an LLC. Munoz contends that this ambiguity entitles 143 High to coverage as a listed property on the Supplemental Declaration. Munoz cites no case law to support this proposition. Insofar as his arguments are meritorious, coverage

4

arising from Munoz' injuries would nevertheless fall under the exclusion, which bars coverage for bodily injuries to employees, leased workers, and temporary workers of subcontractors.

As a fallback position, Munoz contends that the policy is illusory and therefore void against public policy. For the reasons enumerated in Part II, this argument is not persuasive. As long as the policy provides coverage in some instances, even if those instances are limited, it is not illusory. Liberty Mutual Ins. Co., 553 N.E.2d at 912. As with Nautilus' policy, the policy here would apply to injuries to third parties.

### **IV.** **Conclusion**

For the reasons stated herein, the plaintiffs are entitled to summary judgment as a matter of law. The plaintiffs' Motions (dkt. nos. 30, 33) for Summary Judgment are GRANTED. Nautilus and Certain Underwriters are entitled to a declaratory judgment that they have no duty to defend or indemnify Winter Hill, 143 High, or Gugas Home Improvements in the Superior Court action.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge